

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John S. Rudd, Jr.
Assistant Director and Actuary
Teacher Retirement System of Texas
Austin, Texas

Dear Sir:

Opinion No. O-4187
Re: Death of retired member of
Teacher Retirement System
after August 31, 1941.

We have received your letter of October 30, 1941, in which you ask the opinion of this department on the following three questions:

1. Where a member made application prior to August 31, 1941, for service retirement benefits to be effective August 31, 1941, and died before September 30, 1941, should the accumulated contributions standing to the credit of such member's account be paid as provided in Section 5, Subsection B of the Teacher Retirement Law, and no additional payments or awards made?

2. Where such member dies after September 30, 1941, but before he actually received the September 30th payment due him under the retirement allowance, should additional payments thereafter be made in accordance with the option selected by the member?

3. Should the September 30th payment be paid to the administrator of the deceased member's estate?

Subsection 22 of Section 1 of the Teacher Retirement Act (Article 2922-1, Vernon's Annotated Civil Statutes) provides as follows:

"(22) 'Retirement' shall mean withdrawal from service with a retirement allowance granted under the provisions of this Act."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable John S. Rudd, Jr., Page 2


Subsection 1 of Section 5 reads as follows:

"1.  Service Retirement Benefits.

"Any member may retire upon written appli-
cation to the State Board of Trustees.  Retire-
ment shall be effective as of the end of the
school year then current, provided that the said
member at the time so specified for his retire-
ment shall have attained the age of sixty (60)
years and shall have completed twenty (20) or
more years of creditable service, and <u>provided</u>
<u>further that no retirement shall be effective</u>
<u>prior to August 31, 1941</u>.  Any member in serv-
ice who has attained the age of seventy (70)
years shall be retired forthwith, provided that
with the approval of his employer he may remain
in service."  (Emphasis supplied)

Thus, it is seen that the statute specifically pro-
vides that no retirement because of service "shall be effect-
ive prior to August 31, 1941."

Subsection 7 of Section 5 provides in part as follows:

"7.  Optional Allowances for Service
     Retirement.

"With the provision that no optional selec-
tion shall be effective in case a beneficiary dies
within thirty (30) days after retirement, and that
such a beneficiary shall be considered as an act-
ive member at the time of death, until the first
payment on account of any service benefit becomes
normally due, any member may elect to receive his
membership annuity in an annuity payable through-
out life, or he may elect to receive the actuarial
equivalent at that time, of his membership annuity
in a reduced membership annuity payable throughout
life with the provision that:

"Option (1).  * * *"

It is provided if a beneficiary dies within 30 days
after retirement that no optional selection shall be effective
and that such beneficiary shall be considered as an active mem-
ber at the time of death.

Honorable John S. Rudd, Jr., Page 3

Subsection 6 of Section 5 reads in part as follows:

"6.  Return of Accumulated Contributions.

"Should a member cease to be a teacher ex-
cept by death or retirement under the provisions
of this Act, he shall be paid in full the amount
of the accumulated contributions standing to the
credit of his individual account in the Teacher
Saving Fund.  Should a member die before retire-
ment, the amount of his accumulated contributions
standing to the credit of his individual account
shall be paid as provided by the laws of descent
and distribution of Texas unless he has directed
the account to be paid otherwise.  * * *"

If a member dies within 30 days after retirement,
then Subsections 6 and 7 place him in the position occupied
by a member who died before retirement.  Therefore, "the
amount of his accumulated contributions standing to the credit
of his individual account shall be paid as provided by the
laws of descent and distribution of Texas unless he has di-
rected the account to be paid otherwise."  It follows that
your first question is answered in the affirmative.

We now turn to your second question.  Where a mem-
ber has made an optional selection under Section 5(7), is
the actual receipt of his first monthly payment a prerequi-
site to the effectiveness of the option?  We think not.  The
statute does not require it, and there would be no authority
or justification to read it into the statute.  The retired
member did not die within 30 days after retirement; and be-
fore the first payment became due, the member selected his
option.  It follows that a valid option was effected.  Your
second question is, therefore, answered in the affirmative.

The person whom the member nominated or designated
under the optional selection provisions would not be entitled
or have the right to a monthly payment of the membership an-
nuity until after the retired member had died.  The first
payment became due while the retired member was living.  You

Honorable John S. Rudd, Jr., Page 4

are respectfully advised, therefore, that the September 30th payment should be paid to the administrator of the deceased member's estate.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED DEC 2, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By George W. Sparks
      Assistant

GWS:mp


APPROVED
OPINION
COMMITTEE
BY CHAIRMAN